[Civ. No. 41546. First Dist., Div. Four. Sept. 21, 1979.]

RONALD SILLERS et al., Plaintiffs and Appellants, v.
COUNTY OF CONTRA COSTA, Defendant and Respondent.

## COUNSEL

Carroll, Burdick & McDonough, William H. Sortor and Christopher D. Burdick for Plaintiffs and Appellants.

John B. Clausen, County Counsel, Arthur W. Walenta, Assistant County Counsel, and E. V. Lane, Jr., Deputy County Counsel, for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Ronald Sillers appeals from a judgment denying a petition to compel arbitration of a claimed employment grievance.

The undisputed facts are that appellant is a sheriff's sergeant of Contra Costa County, holding his appointment under county civil service, and that by examination he qualified himself for promotion to the position of sheriff's lieutenant.

Appellant presented a grievance pursuant to the county's Employer-Employee Relations Ordinance, alleging that he "has been passed over on each and every occasion where a vacancy has occurred because of his participation in the campaign of, and support for, Mr. Albert Carter in his election bid for Sheriff in 1974, and also because of [his] activities and participation in the Contra Costa County Deputy Sheriffs' Association in the early 1970's." The county declined to submit appellant's claim to the grievance procedure, contending that promotions are governed not by the Employer-Employee Relations Ordinance but by regulations issued by the county civil service commission. The present litigation followed.

■ The issue of law presented in this appeal concerns the relationship between statutes and ordinances governing the civil service system of the county and enactments dealing with public employee bargaining. The civil service enactments came first: The County Civil Service Enabling Law (now Gov. Code, §§ 31100-31117) authorizes a county to adopt a civil service system by means of an ordinance which "shall not go into effect until the proposition of its approval has been submitted to a vote . . . and has received the affirmative vote of a majority of the electors voting on the proposition." (Gov. Code, § 31105.) The County of Contra Costa acted upon this authorization in 1944 by adopting an ordinance creating a merit system for county employment, to be administered by a civil service commission (Ord. No. 325, now div. 32, Contra Costa County Ordinance Code). The presently effective enactment authorizes the civil service commission to make regulations governing "promotion based on competitive examination and records of efficiency, character, conduct and seniority" (Ord. Code, § 32-4.662). The commission has by regulation established a procedure for merit promotion, and has prohibited discrimination based on political or union activity.[1]  The regulations of the commission make no express provision for appeal to the commission in relation to a promotion where an employee contends merit principles have been violated, but the general tenor of the regulations supports the contention of the county that the commission would take cognizance of a complaint that promotion of a tenured employee had been withheld because of political discrimination.

In the Meyers-Milias-Brown Act (MMBA; Gov. Code, §§ 3500-3510) the Legislature authorized agencies of local government to recognize employee organizations (§ 3503). Contra Costa County has provided for implementation of the act in division 34 of the Ordinance Code (see Gov. Code, § 3507, authorizing a public agency to adopt "reasonable rules and regulations . . . for the administration of employer-employee relations"). Promotion of employees has been reserved from submission to MMBA procedures (Ord. Code, § 34-8.004); equally explicitly, it is provided that "It is the exclusive right of the county to administer the merit system. . . ." (Ord. Code, § 34-8.006.) The trial court pointed out in its memorandum of decision that promotion having thus been excluded from the scope of representation, a dispute concerning promotion could not be recognized as a grievance. (Ord. Code, § 34-4.024.)

[1]Article XIII, section 1, Regulations of Contra Costa County Civil Service Commission: "No person in the classified service, or seeking admission thereto, shall be appointed, promoted, reduced or removed, or in any way favored or discriminated against because of his political, religious, or labor opinions or affiliations, . . ."

In *Taylor* v. *Crane* (1979) 24 Cal.3d 442 [155 Cal.Rptr. 695, 595 P.2d 129], the California Supreme Court gave effect to an arbitration provision in a memorandum of understanding under MMBA which had been entered into between the City of Berkeley and a police organization. The court determined that the memorandum of understanding was not in conflict with the city charter in providing for arbitration of cases involving discipline of police officers. (24 Cal.3d at p. 449.) Here there is no memorandum of understanding making promotion issues arbitrable, and the provisions of the civil service ordinance, reviewed above, exclude promotion and other merit system matters from arbitration. The civil service ordinance was ratified by popular vote (Gov. Code, § 31105). There is no indication in the record that it has been effectively repealed or modified by division 34 of the Ordinance Code. (See *Rains* v. *County of Contra Costa* (1951) 37 Cal.2d 263 [231 P.2d 55].) The ruling of the trial court that arbitration could not be compelled was correct.

The judgment is affirmed.

Caldecott, P. J., and Paik, J.,* concurred.

A petition for a rehearing was denied October 15, 1979, and appellants' petition for a hearing by the Supreme Court was denied December 6, 1979. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.